**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD D. BASSETT, CDCR #F-06286,<br><br>       Plaintiff,<br><br>v.<br><br>I. MALVEDA,<br><br>       Defendant. | Case No.: 20-cv-0160-BAS-AGS<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) [ECF No. 1]** |

  Richard D. Bassett ("Plaintiff"), incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, is proceeding *pro se* in this case with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1). Plaintiff alleges Defendant Malveda used excessive force against him in violation of his Eighth Amendment rights. (*Id.* at 3–5.)

  Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Mot. to Proceed IFP, ECF No. 2.)

**I. MOTION TO PROCEED IFP**

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his CDCR Inmate Statement Report, together with a prison certificate completed by an accounting official at RJD attesting to his trust account activity. (ECF No. 3 at 1–5.) *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an available balance of only $0.16 at the time of filing (ECF No. 3 at 1.) Based

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his prison certificate indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

On May 3, 2019, Plaintiff alleges he was "conducting his assigned job duties" as a "culinary worker" when Malveda, a "correctional supervising cook," started an "unnecessary argument with [Plaintiff] over a missing Kosher diet." (Compl. at 3.) Plaintiff told Malveda that he had no information regarding the missing meal and informed Malveda that he "did not prepare them." (*Id.*) He advised Malveda to "speak to the inmate [Malveda] put in charge of Kosher diets." (*Id.*) Plaintiff claims Malveda "stormed off." (*Id.*)

Approximately ten (10) minutes later, Plaintiff alleges Malveda "with malicious and criminal intent" threw a "blunt object (ladle)" at Plaintiff which hit his upper back. (*Id.*) Plaintiff "immediately turned around" and purportedly saw Malveda "staring at [him] with an angry look" on his face. (*Id.*) Plaintiff said to Malveda, "what the [expletive]." (*Id.*) Malveda allegedly picked up the ladle, "started straightening it out," and began arguing with Plaintiff. (*Id.*)

1  Correctional Officer Artega[2] asked Plaintiff "what was the problem" and Plaintiff explained what had just happened with Malveda. (*Id.* at 4.) Artega told Plaintiff "to just go home for the day." (*Id.*)

Upon exiting the dining hall, Plaintiff explained to Sergeant Rocha[3] and another unnamed Sergeant "what [Malveda] had done and was told by [Rocha] to go to medical." (*Id.*) Plaintiff was also told to wait for Rocha to "do a video interview on the staff assault on inmate" which was later conducted. (*Id.*) Plaintiff alleges that Malveda has had "two prior assaults on inmate workers." (*Id.*)

Plaintiff seeks injunctive relief, $100,000 in compensatory damages, $100,000 in punitive damages, and seeks to have Malveda "charged with felony assault with a weapon other than a fire arm." (*Id.* at 9.)

### C. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). Here, Plaintiff alleges that Malveda violated his Eighth Amendment rights when he "with malicious and criminal intent [threw] a blunt object (ladle) at me, hitting me in my back (upper)." (*See* Compl. at 3–4.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id.*

---

[2] Artega is not a named Defendant.
[3] Rocha is not a named Defendant.

When prison guards stand accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Court considers the following factors: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Id*. (*citing Whitley*, 476 U.S. at 321). "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson,* 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. (some internal quotation marks omitted).

Here, Plaintiff's Complaint is devoid of any factual allegations that he suffered an injury from Malveda allegedly throwing a ladle at him. The lack of an injury would indicate that the amount of force used was, at most, *de minimis* rather than excessive. Thus, the bare allegation that Defendant Malveda threw a ladle at him, without any further factual elaboration, is simply not enough for the Court to find that Plaintiff has adequately stated an Eighth Amendment excessive force claim.

Because Plaintiff's Eighth Amendment excessive force claims fail to state a claim upon which § 1983 relief can be granted, the Court **DISMISSES** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126–27; *Rhodes,* 621 F.3d at 1004.

## III. CONCLUSION AND ORDER

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). **PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.**

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail a form civil rights complaint to Plaintiff for his use in amending.

**IT IS SO ORDERED.**

**DATED: March 13, 2020**

Hon. Cynthia Bashant
United States District Judge