1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

RICHARD D. BASSETT,
CDCR #F-06286,

                                    Plaintiff,

    v.

I. MALVEDA,

                                    Defendant.

Case No.: 20-cv-00160-BAS-AGS

**ORDER *SUA SPONTE* DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**

15
16
17

Before the Court is Plaintiff Richard D. Bassett's ("Plaintiff") First Amended Complaint ("FAC").  (ECF No. 6.)  For the reasons explained below, the Court **DISMISSES** the FAC without leave to amend.

18

## I.    PROCEDURAL HISTORY

19
20
21
22
23
24

Plaintiff is incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California.  On January 23, 2020, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff alleged Defendant Malveda used excessive force against him in violation of his Eighth Amendment rights. (*Id.* at 3–5.)  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

25
26
27
28

On March 13, 2020, the Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted.  (ECF No. 5 at 7–8.)  Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*)  On

April 15, 2020, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 6.)

## II.     SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A.     Standard of Review

As the Court previously informed Plaintiff, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-

- 2 -

1    unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*;

2    *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

3        **B.    Factual Allegations**

4        On May 3, 2019, Plaintiff alleges he was working as a "Facility C culinary worker"

5    when "Correctional Supervising Cook (CSC) I Malveda approached Plaintiff in a hostile

6    manner."  (FAC at 3.)  Plaintiff claims Malveda "started arguing with Plaintiff over a

7    missing Kosher diet meal."  (*Id.*)  Plaintiff told Malveda that he "had no knowledge of the

8    alleged missing Kosher diet" and he should speak with the "inmate [Malveda] put in charge

9    of putting together the Kosher diets before Plaintiff came to work."  (*Id.*)  Malveda

10   "stormed off angry."  (*Id.*)

11       Plaintiff claims approximately ten minutes later, Malveda threw a "blunt object

12   (ladle)" at Plaintiff which hit him "in the upper back between Plaintiff's shoulder blades

13   causing a sharp pain to Plaintiff's spinal area."  (*Id.* at 4.)  Plaintiff "immediately grabbed

14   where the blunt object (ladle) hit Plaintiff."  (*Id.*)  Plaintiff "turned around" and saw

15   Malveda "staring at Plaintiff with an angry look."  (*Id.*)  Plaintiff "said 'what the fuck are

16   you doing.'"  (*Id.*)  Malveda picked up the ladle and "straightened it out while he was

17   engaging Plaintiff in an argument trying to get Plaintiff in a physical fight."  (*Id.*)

18       Correctional Officer Artega[1] arrived and asked Plaintiff "what is going on" to which

19   Plaintiff "explained that [Malveda] just assaulted Plaintiff."  (*Id.*)  Artega told Plaintiff to

20   "go home (cell) for the day."  (*Id.*)  Plaintiff also told Sergeant Rocha[2] that Malveda "just

21   assaulted" him.  (*Id.*)  Rocha "ordered" Plaintiff "to go to medical" and "wait at program

22   for excessive force video interview."  (*Id.*)  Rocha conducted the video interview and told

23   Plaintiff "to only speak on the assault and nothing else."  (*Id.* at 5.)

24       Plaintiff "demands a jury trial" and for [Malveda] to be charged with assault with

25   weapon."  (*Id.*)  Plaintiff also seeks $37,000 in punitive damages.  (*Id.* at 9.)

26

27

---

28

[1]  Artega is not a named Defendant.
[2]  Rocha is not a named Defendant.

### C.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  When prison guards stand accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The Court considers the following factors:  (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response."  *Id*. (*citing Whitley*, 476 U.S. at 321).  "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."  *Whitley*, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson,* 503 U.S. at 9.  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Ibid*. (some internal quotation marks omitted).  Here, Plaintiff claims that Malveda threw a ladle at his back but fails to allege facts to demonstrate that this type of force applied is "of a sort repugnant to the conscience of mankind."  *Id*. at 9.  Moreover, the extent of the injury which Plaintiff describes as simply as a "sharp pain" but describes no other discernible injuries indicates that the force used was not excessive.

- 4 -

Thus, the bare allegation that Defendant Malveda threw a ladle at him, without any further factual elaboration, is simply not enough for the Court to find that Plaintiff has adequately stated an Eighth Amendment excessive force claim.

Accordingly, Plaintiff's Eighth Amendment excessive force claims is **DISMISSED** for failing to state a claim upon which § 1983 relief can be granted.

### D.    Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III.    CONCLUSION AND ORDER

For the reasons discussed, the Court:

(1)    **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

(2)    **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(3)    **DIRECTS** the Clerk of Court to enter a final judgment and close the file.

**IT IS SO ORDERED.**

DATED:  April 29, 2020

Hon. Cynthia Bashant
United States District Judge

- 5 -

20cv160